UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | NO. 3:99CR00085(EBB) |
| MARTIN TORRES : | |

RULING ON POST-CROSBY REMAND

This case is before the court pursuant to a limited remand by the Second Circuit Court of Appeals in light of United States v. Booker, 543 U.S. 220 (2005) and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

Defendant pleaded guilty to Count One of a superseding indictment alleging his participation in a conspiracy to possess with the intent to distribute and to distribute cocaine and cocaine base contrary to 21 U.S.C. § 841(a)(1) in violation of 21 U.S.C. § 846.  In his plea agreement defendant agreed that more than five kilograms of cocaine were attributable to him as a result of his participation in the conspiracy.  The government having filed a notice pursuant to 21 U.S.C. § 851, the defendant was thus exposed to a mandatory minimum sentence of twenty years imprisonment as was acknowledged in the plea agreement and as defendant was informed by the court at the time of his plea.  Defendant's sentencing guideline range was calculated to be 97 to 121 months.

Because of defendant's cooperation, the government filed a motion pursuant to 18 U.S.C. § 3553 and U.S.S.G. § 5K1.1.  The court granted the motion and sentenced defendant to a term of 120 months imprisonment to be followed by a ten-year term of supervised release.  On remand the court must determine whether a non-trivially different sentence should be imposed in light of Booker and Crosby.

Defendant argues that there are significant factors which should mitigate a sentence of the length imposed, particularly that he had but one prior conviction in 1953 on a state drug distribution charge and a commendable employment history both before the state conviction and

subsequent thereto.  Citing United States v. Gonzalez, 420 F.3d 111, 115 (2d Cir. 2005) and United States v. Cordoba-Murgas, 422 F.3d 65, 66 (2d Cir. 2005), he also argues that drug quantity is an element in all prosecutions of aggravated § 841 offenses and must be charged in the indictment which requirement is not waived by the admission of quantity by a defendant. Accordingly, he asks the court to find that the mandatory minimum sentence does not apply and, considering the guideline range and the government's motion, a non-trivially different sentence should be imposed.

## Discussion

Defendant pleaded guilty to Count one of the superseding indictment which did not quantify the amount of cocaine and cocaine base possessed and distributed during the course of the conspiracy.  However, the overt acts alleged in Count One to have been committed in furtherance of the conspiracy refer, in the aggregate, to at least 25 kilograms of cocaine and 13 grams of cocaine base. (overt acts 10-13, 15-17).  Specifically with respect to defendant Torres, overt act 11 alleged that he travelled to New Jersey where two co-defendants displayed 12 kilograms of cocaine which they offered to sell to him and overt act 16 alleged that he again travelled to New Jersey, met with the same co-defendants and received 5 kilograms of cocaine from them.  The indictment was therefore sufficient, together with defendant's prior felony drug conviction, to trigger the mandatory minimum sentence mandated by 21 U.S.C. § 841(b)(1)(A).

In determining the appropriate sentence for the defendant the court considers, and considered, the presentence report in which defendant related he was recruited into cocaine trafficking in the late 1980's, the history and characteristics of the defendant, his good employment record and his state conviction on July 20, 1993, for which he was sentenced to three years of imprisonment.  Defendant was released to Community Release on June 1, 1994, was paroled on March 15, 1995, and was discharged from parole on October 3, 1995.  Less than four years later defendant was again engaged in drug trafficking, indicating he was not deterred by his prior incarceration and supervision and that the likelihood of recidivism is substantial.

Accordingly, the court remains of the belief that the original sentence imposed was

correct given the nature of the offense and the need for the sentence to reflect its seriousness, to promote respect for the law and to provide just punishment, to deter criminal conduct, to protect the public and to avoid unwarranted disparities (18 U.S.C. § 3553(a)), while also giving due consideration to the government's motion.  A non-trivially different sentence should not be imposed.

        SO ORDERED.


        _____
        ELLEN BREE BURNS, SENIOR JUDGE
        UNITED STATES DISTRICT COURT

 Dated at New Haven, CT, this ___day of August, 2006.